IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS PATTERSON, JR., | CASE NO. 3:22-cv-1116 |
| Petitioner, | DISTRICT JUDGE CHARLES ESQUE FLEMING |
| vs. | |
| WARDEN HAROLD MAY, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondent. | **REPORT & RECOMMENDATION** |

Pro se Petitioner Cornelius Patterson, Jr. filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Patterson is in custody at the Marion Correctional Institution due to a journal entry of sentence in the case *State v. Patterson*, Hancock County Court of Common Pleas, Case No. 2009 CR 218. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Third Appellate District summarized the facts underlying Patterson's conviction as follows:

> {¶2} During the early hours of October 18, 2009, Patterson's live-in girlfriend, Stacey Daniels, had an argument with David Snyder, the live-in ex-boyfriend of her friend, Samantha Garberson, in the apartment Snyder and Garberson shared, which was located directly above the apartment Daniels shared with Patterson. (Feb. 8–15, 2011 Tr. 447–456, 469–470, 706–708). Daniels left the apartment and returned to her apartment where she had a physical confrontation with Patterson outside the apartment. (*Id.* at 470–472, 706–708). Upon hearing the commotion, Snyder exited his apartment, and Patterson chased Snyder back into his apartment with a handgun. (*Id.* at 473–478, 510, 526, 634–635). Snyder entered his apartment and locked the door. (*Id.* at 634–635). Patterson kicked Snyder's door in; Snyder struggled to hold the door closed; and, Patterson fired a shot through the door killing Snyder. (*Id.* at 410, 478, 857–858, 634–638, 990–991). While Patterson and Daniels fled to Toledo, Patterson discarded the firearm alongside the road. (*Id.* at 481, 712–714, 755, 991).

*State v. Patterson*, No. 5–11–15, 2012 WL 2371460, at *1 (Ohio Ct. App. June 25, 2012).

**Relevant procedural background**

*Trial court proceedings*

In October 2009, the Hancock County Grand Jury issued an indictment charging Patterson with one count of aggravated murder (count one), one count of burglary (count two), one count of improperly discharging a firearm at or into a habitation (count three), and one count of tampering with evidence (count four). Doc. 6-1, at 5–8 (Exhibit 1). Counts one through three carried

2

firearm specifications. *Id*. Patterson was appointed counsel and pleaded not guilty to the charges. *Id*. at 10 (Exhibit 2).

The case proceeded to trial and the jury found Patterson guilty on all of the counts and firearm specifications. Doc. 6-1, at 11–16 (Exhibit 3).

In April 2011, the court held a sentencing hearing. Doc. 6-1, at 17 (Exhibit 4). The court found that counts one, two, and three merged for the purposes of sentencing and the state elected to proceed with sentencing on count one. *Id*. at 19. The court sentenced Patterson on count one to life in prison with the eligibility of parole after 30 years; three years in prison on the attendant firearm specification; and four years in prison on count four. *Id*. The court ordered all of the sentences to run consecutively to each other, for a total aggregate term of life in prison with parole eligibility after 37 years. *Id*. The court also notified Patterson that if he were to be released, he would be subject to a five-year term of post-release control. *Id*.

*Direct appeal*

Patterson, through new counsel, timely appealed to the Ohio court of appeals. Doc. 6-1, at 22, 29 (Exhibits 5, 6). In his brief, he raised the following assignments of error:

> 1. The evidence is insufficient to prove aggravated burglary because Patterson did not trespass into the victim's apartment. And the state failed to prove Patterson acted "purposely." Accordingly, his conviction for aggravated murder must then also fail.

2. The trial court gave the jury instructions for trespass and tampering with evidence that were legally incorrect, and failed to properly instruct the jury about the lesser included offense of reckless homicide.

3. The convictions were against the manifest weight of the evidence.

4. Patterson's attorneys provided ineffective assistance by not timely raising the change of venue issue prior to the jury being empaneled, or the trial court abused its discretion by untimely denying the motion.

5. The trial court erred by not granting Patterson's motion to dismiss the tampering of evidence conviction for lack of venue.

6. The trial court abused its discretion by not imposing the shortest sentence available.

7. Patterson's rights to due process of law, an impartial jury, and a fair trial pursuant to the 6th and 14th Amendments were violated because he was seen multiple times by the jury pool in shackles and handcuffs and being transported in the company of deputy sheriffs.

8. Patterson's rights to assist in his defense, enjoy effective assistance of counsel, presumption of innocence and due process were violated by the excessive bond imposed upon him by the trial court.

9. The trial court erred by admitting a witness' prior written statement pursuant to Evid.R. 801(D)(1)(B), and by permitting vouching.

Doc. 6-1, at 86–87 (Exhibit 6). On June 25, 2012, the Ohio court of appeals

affirmed the trial court's judgment. *Id*. at 130–91 (Exhibit 8).

4

Patterson timely appealed to the Ohio Supreme Court. Doc. 6-1, at 192 (Exhibit 9). In his memorandum in support of jurisdiction, he set forth the following propositions of law:

> 1. Patterson's right to due process pursuant to the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution were violated. This includes whether sufficiency of proof was offered to prove the predicate offense of aggravated burglary, repeatedly permitting jurors to observe Patterson shackled and accompanied by uniformed officers, and not providing a lesser included jury instruction for reckless homicide.[1]

> 2. Patterson's substantive and procedural rights to due process, effective assistance of counsel, a fair and impartial jury, the presumption of innocence, a public trial, and equal protection, as set forth in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, were violated by obtaining an aggravated murder conviction through the legally insufficient aggravated burglary, by permitting jurors to observe him in shackles, and by not providing a lesser included offense jury instruction of reckless homicide.

> 3. Patterson's right to effective assistance of counsel and defend himself pursuant to the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio constitution was violated by the trial court's decisions and inaction regarding these issues.

> 4. The public and a criminal defendant have a right to a fair trial with an attentive and impartial jury that follows the appropriate instructions. A defendant has the right to a presumption of innocence, and to have the jury fully and fairly

---

[1]     Patterson's claims are reproduced as written.

5

instructed regarding the law. Failure to do otherwise obviates his constitutional guarantees.

5. The public and a criminal defendant have a right to have charges brought that fairly fit the crime, instead of relying upon altered jury instructions to obtain a higher charge and punishment than was contemplated by the law or supported by the facts.

Doc. 6-1, at 251–52 (Exhibit 10). On November 7, 2012, the Ohio Supreme Court declined to accept jurisdiction of Patterson's appeal "as not involving any substantial constitutional question." *Id*. at 341 (Exhibit 12).

*State post-conviction petition*

Meanwhile, on November 28, 2011, Patterson filed in the trial court a pro se petition to vacate or set aside judgment of conviction or sentence and raised these claims:

1. I was deprived my sixth amendment right to counsel (ineffective counsel). My trial attorney didn't call defense ballistics expert to the witness stand.

2. I was deprived my sixth amendment right to counsel because my trial counsel was ineffective. My trial attorney was made aware that I the defendant is left handed, and the prosecuting attorney stated the shooter is right handed.

Doc. 6-1, at 343–44 (Exhibit 13). On December 13, 2011, the trial court denied Patterson's petition. *Id*. at 346–48 (Exhibit 14). Patterson did not file an appeal.

*Motion to correct void judgment*[2]

On February 14, 2019, Patterson filed in the trial court a "notice of appearance as counsel pro se" and a motion to correct a void judgment. Doc. 6-1, at 349–50 (Exhibits 15, 16). Patterson argued that the court improperly imposed under Ohio Revised Code § 2967.28 a five-year term of post-release control. *Id*. at 350–55. The court agreed and explained that the proper sanction was a three-year term of post-release control. *Id*. at 367–69 (Exhibit 18). So on April 9, 2019, the court granted Patterson's motion and ordered a video hearing for the sole purpose of correcting the post-release control sanction. *Id*. at 370.

Patterson objected to having a video hearing. Doc. 13, at 3–7. In his filing, he also asked to consult with counsel. *Id*. The trial court overruled Patterson's objection to the video hearing. *Id*. at 9–10.

*Resentencing*

On June 27, 2019, the trial court held a video resentencing hearing for the limited purpose of notifying Patterson of the correct post-release control sanction and issued a corrected judgment entry. Doc. 6-1, at 372 (Exhibit 19). During the hearing, Patterson asked for counsel but the trial court denied his

---

[2]     Between July 2016 and August 2018, Patterson filed various untimely motions for post-conviction relief attempting to vacate his conviction and sentence, including a motion for disclosure of due process material, petition to dismiss indictment, motion for allied defense determination, motion to dismiss on the ground that the prosecution failed to preserve exculpatory evidence, and motion to vacate illegal sentence. *See* Doc. 6-1, at 556–57 (Exhibit 35). The trial court overruled all of these motions, *id*., and Patterson failed to pursue full appellate review, *id*.; *see also id*. at 575–76 (Exhibit 37), 578–79 (Exhibit 38).

request because Patterson had indicated in his motion that he was representing himself and he hadn't timely requested counsel. *See, e.g.*, Doc. 13, at 25–26 (Exhibit 50).

In September 2019, Patterson timely filed a pro se notice of appeal in the Ohio court of appeals. Doc. 6-1, at 375 (Exhibit 20). In his merits brief, Patterson was represented by counsel and raised the following assignment of error:

> The trial court erred by not allowing Mr. Patterson to be represented by counsel.

*Id*. at 384 (Exhibit 21). On April 13, 2020, the Ohio court of appeals reversed the trial court's judgment and remanded the case, finding that the trial court should have stopped the resentencing hearing to ask Patterson whether he wanted to proceed pro se or with counsel. Doc. 6-1, at 404–19 (Exhibit 23).

*Second resentencing*[3]

In April 2020, following remand, the trial court appointed Patterson counsel and scheduled a video resentencing hearing. Doc. 6-1, at 420 (Exhibit 24).

In June 2020, Patterson, through counsel, filed a motion to appear at the resentencing hearing in person, Doc. 13, at 11 (Exhibit 46), which the court granted, *id*. at 13 (Exhibit 47).

---

[3]     In June 2019 and August 2020, Patterson filed identical pro se motions for acquittal. Doc. 6-1, at 568–69 (Exhibit 35). The trial court overruled the motions. *Id*. at 569–70.

In early September 2020, Patterson's appointed counsel filed a motion to withdraw, stating that Patterson had filed a grievance against him. Doc. 13, at 15 (Exhibit 48). A few days later the court granted counsel's motion. *Id.* at (Exhibit 49).

On September 30, 2020, the trial court issued an order. Doc. 6-1, at (Exhibit 25). The court detailed the history of the case, including the April 2020 remand order from the Ohio court of appeals directing the court to appoint Patterson counsel and hold a limited resentencing hearing to address the issue of post-release control. *Id.* at 422–23. The trial court then observed that on May 14, 2020, a month after the Ohio court of appeals remanded Patterson's case for resentencing, the Ohio Supreme Court issued *State v. Harper*, 159 N.E.3d 248 (Ohio 2020). *Id.* at 424. The trial court explained that *Harper* "clarified that errors relating to the imposition" of post-release control at sentencing "must be raised on direct appeal," and that later attempts to raise the issue would be barred by the doctrine of res judicata. *Id.* The trial court ruled that since Patterson hadn't challenged on direct appeal a post-release control error, his February 2019 motion to correct a void judgment was barred under *Harper* as res judicata. *Id.* at 424–25. So the court determined that a resentencing hearing wasn't necessary and dismissed Patterson's 2019 motion to correct a void judgment. *Id.* at 425.

On October 23, 2020, Patterson filed a timely pro se notice of appeal with the Ohio court of appeals. Doc. 6-1, at 427 (Exhibit 26). In his counseled merits brief, Patterson raised the following assignments of error:

> 1. The trial court erred and failed to follow this Court's mandate when it *sua sponte* dismissed Mr. Patterson's motion to correct a void sentence after already having granted the motion and conducted a re-sentencing without the benefit of counsel.
>
> 2. The Ohio Supreme Court's prior void/voidable doctrine was loosely predicated on the unspecific notion that the "our authority to sentence in criminal cases is limited by the people through the Ohio Constitution…" *State v. Henderson*, 2020-Ohio-4784, ¶ 45, fn. 2. Yet, here the original sentence is in fact in excess of statutory authority and is thereby void, rather than voidable under Sect. 16 and 9, Art. I, of the Ohio Constitution.

*Id*. at 434 (Exhibit 27). On April 12, 2021, the Ohio court of appeals overruled Patterson's assignments of error and affirmed the trial court's judgment. *Id*. at 463–79 (Exhibit 29). The court first said that the trial court complied with the remand order when it scheduled a new resentencing hearing and permitted Patterson to proceed with counsel. *Id*. at 472. Next, the court found that the post-release control portion of Patterson's sentence was "voidable" under Ohio law, not "void," and therefore Patterson's challenge to the post-release control portion of his sentence was barred by res judicata. *Id*. at 478. And the court observed that while Patterson had asserted in his brief that "res judicata cannot be applied retroactivity," he had not, in violation of Ohio Appellate Rule 16(A)(7), sufficiently advanced in his brief an argument in support of this

assertion. *Id.* at 473, n.7. So the court declined under Ohio Appellate Rule 12(A)(2) to address Patterson's retroactivity comment. *Id*.

On June 28, 2021, Patterson filed an untimely pro se notice of appeal with the Ohio Supreme Court and a motion for leave to file a delayed appeal. Doc. 6-1, at 481, 484 (Exhibits 30, 31). The Ohio Supreme Court granted Patterson's motion for leave. *Id*. at 514 (Exhibit 32). In his memorandum in support of jurisdiction, Patterson set forth the following propositions of law:

> 1. The trial court abused its discretion when it overruled the Third District's mandate to conduct a re-sentencing hearing and appoint counsel during the re-sentencing hearing denying appellant, the right to counsel and due process right to be heard.

> 2. The Third District abused its discretion when it allowed the Trial Court to violate the appellant 6th amendment right to counsel by retroactively applying a new judicial ruling set forth in Harper, 2020-Ohio-2913 in violation of the Ohio Constitution Art. IV.

*Id*. at 516 (Exhibit 33). On October 12, 2021, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Patterson's appeal. *Id*. (Exhibit 34).

*Federal habeas corpus petition*

In June 2022, Patterson filed a federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He raised the following grounds for relief:

> **Ground one**: The Petitioner was denied right to counsel, due process, and equal protection, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were

violated when he was resentenced without counsel and without a valid waiver of counsel.

**Ground two**: The state courts denied the Petitioner the right to counsel and right to due process under the 6th and 14th Amendment of the United States Constitution when the trial court failed to follow the court of appeal's mandate on remand denying the Petitioner a re-sentencing hearing with counsel and the court of appeals affirmed the trial court's erroneous denial of the Petitioner's right to counsel for the mandated re-sentencing hearing.

**Ground three**: The state court violated the federal ex-post facto doctrine embedded in the United States Constitution, retroactively applying a new law after a judgment of reversal violating his right to counsel and due process under the 6th Amendment and the 14th Amendment.

Doc. 1-1, at 2–8. The Warden filed a Return of Writ, Doc. 6, and Patterson filed a traverse, Doc. 14, at 3–20.[4]

**Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001).

---

[4]     Doc. 14 is a filing that Patterson called a "Motion to enforce the trial court order (Doc. 10) Filed Dec. 28, 2022." Doc. 14, at 1. Within that motion is Patterson's traverse. Doc. 14, at 3–20.

Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id.*

*Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts") (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). And a habeas petitioner must present both the factual and legal underpinnings of the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the "petitioner

must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

*Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id.* In *Maupin v. Smith*, the Sixth Circuit directed courts to consider four factors when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: whether (1) there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review, *Williams*, 460 F.3d at 806.

To overcome a procedural bar, petitioners must show cause for the default and actual prejudice that resulted from the alleged violation of federal law that forms the basis of their challenge, or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

### Discussion

All of Patterson's grounds relate to the trial court's 2019 resentencing hearing and its subsequent determination, after remand, that intervening Ohio law prevented Patterson from challenging the post-release control portion of his sentence. Doc. 1-1, at 2–8. The Warden argues that Patterson's grounds are procedurally defaulted because Patterson failed to present his claims to the Ohio courts as federal constitutional violations. Doc. 6, at 16–22.

To recap: in February 2019, about six years after Patterson's conviction became final on direct review, Patterson filed a "motion to correct a void judgment" in the trial court and argued that the court had improperly imposed a five-year term of post-release control. *Id*. at 350–51. In June 2019, the trial court granted Patterson's motion, held a resentencing hearing, and advised Patterson that he was subject to three years of post-release control. *Id*. at 372. Patterson appealed, arguing that at the hearing the trial court failed to appoint him counsel. *Id*. at 384. In April 2020, the Ohio court of appeals found that the trial court "should have halted the resentencing hearing to inquire and determine whether Patterson had changed his mind (as to self-representation)." *Id*. at 417–18. So the court reversed the trial court's judgment and remanded "for further proceedings consistent with this opinion." *Id*. at 418.

On remand in April 2020, the trial court appointed Patterson counsel and scheduled a resentencing hearing. *Id*. at 420–21. In September 2020, the trial court canceled the hearing. *Id*. at 424–25. The court explained that in May 2020, the Ohio Supreme Court decided *State v. Harper*, which "clarified" that post-release control errors must be raised on direct appeal. Doc. 6-1, at 424. The court found that Patterson had not challenged the post-release control portion of his 2011 sentence on direct appeal, and that res judicata barred Patterson's attempt to raise the issue in his 2019 motion to correct his sentence. *Id*. at 424–25. So the court denied Patterson's motion. *Id*. at 425. Patterson appealed, and the Ohio court of appeals affirmed. *Id*. at 472–78.

16

In ground one of his petition, Patterson argues that he was denied his Sixth Amendment right to counsel at the trial court's 2019 resentencing hearing "when he was resentenced without counsel and without a valid waiver of counsel." Doc. 1-1, at 2. In ground two, he alleges that he was denied his Sixth Amendment right to counsel and Fifth Amendment right to due process when the trial court failed to follow the Ohio court of appeals' April 2020 remand order that Patterson be resentenced with counsel. *Id.* at 4. And in ground three, Patterson alleges that the trial court in September 2020 "violated the federal ex-post facto doctrine embedded in the United States Constitution, retroactively applying a new law after a judgment of reversal." *Id.* at 7.

For convenience, I consider Patterson's grounds out of numeric order.

*Ground two is procedurally defaulted*

In ground two, Patterson argues that the trial court failed to follow the Ohio court of appeals' remand order in violation of Patterson's constitutional rights to counsel and due process. Doc. 1-1, at 4.

Patterson failed to present this claim to the Ohio court of appeals as a federal constitutional violation. In his brief appealing the trial court's 2020 judgment entry, Patterson exclusively relied on Ohio law.[5] *See* Doc. 6-1, at

---

[5]     And the Ohio court of appeals applied Ohio law, Doc. 6-1, at 468–79, which is binding on this Court, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

440–42. So ground two is procedurally defaulted. *See Koontz*, 731 F.2d at 368 ("the habeas petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law"); *see also Williams*, 460 F.3d at 806.

Patterson contends that counsel referenced in his appellate brief to the Ohio court of appeals the Sixth Amendment right to counsel. Doc. 14, at 11. While true that counsel cited the trial court's 2019 error of "conduct[ing] a re-sentencing hearing without the benefit of counsel," Doc. 6-1, at 440, the issue counsel raised was not a violation of Patterson's Sixth Amendment right to counsel at the 2019 hearing. Rather, counsel claimed that the trial court violated Ohio law in 2020 when it failed on remand to follow the Ohio court of appeals' mandate to hold a resentencing hearing. *See* Doc. 6-1, at 440–42 (arguing that under Ohio law an inferior court may not disregard a mandate of a superior court; the Ohio Supreme Court's *Harper* case did not fall into an exception under Ohio law; the "law of the case" doctrine under Ohio law applied and required the trial court to resentence Patterson; and a resentencing was not barred under Ohio law by the doctrine of res judicata). This claim did not allege that Patterson's federal due process rights and right to counsel were violated when the trial court allegedly failed to follow the Ohio court of appeals' mandate on remand.[6] *See Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (finding

---

[6]     The Ohio court of appeals found that "[o]nce the trial court scheduled the R.C. 2929.191(C) hearing and permitted Patterson's appointed appellate counsel to act as trial counsel, we conclude that the trial court had complied

that the petitioner had not alerted the state court to a federal constitutional claim when "[t]he [state-court] petition refers to provisions of the Federal Constitution in respect to *other* claims but not in respect to" the claim the petitioner raised in his federal habeas petition).

Patterson argues that even if appellate counsel failed to raise the claim on appeal to the Ohio court of appeals, Patterson pro se raised the issue to the Ohio Supreme Court. Doc. 14, at 13. Even if it could be said that Patterson raised the issue in ground two to the Ohio Supreme Court, *see* Doc. 6-1, at 522–27, ground two is still procedurally defaulted because raising a claim for the first time to the highest state court on discretionary review is not "fair presentation" for exhausting a federal habeas claim. *See Castille v. Peoples*, 489 U.S. 346, 349–51 (1989); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

Patterson hasn't argued cause or prejudice to excuse the procedural default. He hasn't alleged that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986), even if a claim of actual innocence could overcome the procedural bar in a habeas claim challenging a sentence, *see Gatewood v. United States*, 979 F.3d 391, 395 n.1

---

with our remand order." Doc. 6-1, at 472; *State v. Patterson*, No. 5-20-32, 2021 WL 1343361, at *4 (Ohio Ct. App. April 12, 2021).

(6th Cir. 2020) ("it is an open question in this circuit whether actual innocence can excuse procedural default in a challenge to a noncapital sentence"). Ground two is procedurally defaulted.

*Ground three is procedurally defaulted*

In ground three, Patterson argues that the trial court "violated the federal ex-post facto doctrine embedded in the United States Constitution" and Patterson's due process rights when the court retroactively applied the Ohio Supreme Court's *Harper* decision. Doc. 1-1, at 7. But Patterson hadn't argued to the Ohio court of appeals that the trial court's application of *Harper* violated federal law. See Doc. 6-1, at 440–44. And he failed to raise a retroactivity argument. *See* Doc. 6-1, at 473, n.7 (Ohio court of appeals noting that Patterson, in violation of Ohio Appellate Rule 16(A)(7), hadn't sufficiently advanced a retroactivity argument in his brief and declining under Ohio Appellate Rule 12(A)(2) to address any such claim); *see Campbell v. Bunting*, No. 1:14-cv-1187, 2015 WL 4984871, at *1–2 (N.D. Ohio Aug. 19, 2015) (state court's application of Ohio Appellate Rules 16(A)(7) and 12(A)(2) "is an adequate and independent ground that blocks federal habeas review").

Although Patterson mentioned "retroactivity" in his brief to the Ohio Supreme Court, Doc. 6-1, at 527, he didn't argue that the trial court's application of *Harper* violated a state or federal ex post facto clause, *id*. at 517–29. Even if it could be said that Patterson sufficiently presented ground three to the Ohio Supreme Court, his failure to raise it to the Ohio court of appeals

dooms his claim. *See Castille*, 489 U.S. at 349–51; *see Baston*, 282 F.Supp.2d at 661. As above, Patterson hasn't shown cause, prejudice, or actual innocence to overcome the procedural default.[7]

> *Ground one is procedurally defaulted*

In ground one, Patterson argues that he was denied his Sixth Amendment right to counsel when the trial court resentenced him "without counsel and without a valid waiver of counsel." Doc. 1-1, at 2. *See also* Doc. 14, at 15–18. It's not clear whether Patterson is challenging the trial court's 2019 resentencing, Doc. 1-1, at 2, Doc. 14, at 15, or the trial court's 2020 decision finding that Patterson wasn't entitled to resentencing, Doc. 14, at 15, 17–18.

To the extent that ground one challenges the trial court's 2020 decision finding that Patterson wasn't entitled to resentencing, it is procedurally defaulted for the same reason that ground two is procedurally defaulted— Patterson failed to present a claim to the Ohio court of appeals that the trial court's 2020 decision violated his Sixth Amendment right to counsel.

---

[7]     Moreover, "the Ex Post Facto Clause does not apply to judicial decisionmaking." *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001); *see also Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 (1994) ("statutes operate only prospectively, while judicial decisions operate retrospectively"). And the Ohio courts have since ruled that *Harper* applies retroactively. *See State v. D.M.*, No. 21AP-118, 2022 WL 154491, at *1–2 (Ohio Ct. App. 2022) (finding that *Harper* applies retroactively and discussing the parties' Ohio and federal constitutional arguments, including the due process clause), *appeal not allowed*, 185 N.E.3d 113 (Ohio 2022); *see also State v. Gaskins*, 199 N.E.3d 174, 178–79 (Ohio Ct. App. 2022).

To the extent that Patterson is referring to the trial court's 2019 resentencing, such a claim is also procedurally defaulted. This is so because on direct appeal from the trial court's 2019 resentencing, the Ohio court of appeals agreed that the trial court violated Patterson's right to counsel and ordered the trial court to schedule a new hearing with counsel. Doc. 6-1, at 404–18. On remand, the trial court scheduled a hearing and appointed Patterson counsel. *Id*. at 420–21. As the Ohio court of appeals explained:

> Once the trial court scheduled the R.C. 2929.19l(C) hearing and permitted Patterson's appointed appellate counsel to act as trial counsel, we conclude that the trial court had complied with our remand order.

Doc. 6-1, at 472. And when in 2020 the trial court canceled Patterson's resentencing hearing based on the Ohio Supreme Court's intervening decision in *Harper*, Patterson didn't raise on appeal a claim that his Sixth Amendment right to counsel was violated, as explained above. So either way the Court construes ground one, it is procedurally defaulted.

*Patterson is not entitled to a hearing*

In his traverse, Patterson requests an evidentiary hearing. Doc. 14, at 19. But "a traverse is not an acceptable forum … for asserting a new motion for an evidentiary hearing." *Alt v. Eppinger*, No. 1:14-cv-100, 2015 WL 3489867, at *6 (N.D. Ohio June 2, 2015); *see Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not

properly before the district court, and the district court did not err in declining to address it."). Moreover, 28 U.S.C. § 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Patterson has not identified what portion of 28 U.S.C. § 2254(e)(2) he believes entitles him to a hearing and no section appears to apply to his case. So I deny Patterson's request for an evidentiary hearing.

**Conclusion**

For the reasons set forth above, I recommend that Patterson's Petition be dismissed. I deny Patterson's request for an evidentiary hearing.

Dated: March 21, 2024

/s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).