UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS PATTERSON, JR., | ) | CASE NO. 3:22-cv-1116 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| WARDEN HAROLD MAY, | ) | |
| | ) | **OPINION DENYING RULE 60(B)** |
| Respondent. | ) | **MOTION** |
| | ) | |

Before the Court is Petitioner Cornelius Patterson, Jr.'s Fed. R. Civ. P. 60(b) Motion for Relief from a Final Order and Judgment ("Motion"). (ECF No. 26). For the following reasons, Petitioner's Motion is **DENIED**.

I.     BACKGROUND

On June 24, 2022, Petitioner filed a *pro se* § 2254 habeas petition that asserted three grounds of relief ("Petition"). (ECF Nos. 1, 1-1). Subsequently, Respondent Warden Harold May filed a Return of Writ, (ECF No. 6), and Petitioner filed a traverse, (ECF No. 14, PageID #726–43). On March 21, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss the Petition because all three grounds were procedurally defaulted. (ECF No. 19, PageID #772–79, 781). The R&R also notified the parties of the 14-day deadline for filing objections. (*Id.* at PageID #781).

After the 14-day deadline to file objections had elapsed, Petitioner, now proceeding with counsel, filed a Motion for Leave to File Objections on April 18, 2024. (ECF No. 18). The Court granted the motion and ordered Petitioner to file any objections to the R&R by May 7, 2024. (Order [non-document] dated Apr. 18, 2024). On April 28, 2024, Petitioner, again through

1

counsel, moved for an extension of time to file objections until May 28, 2024. (ECF No. 22). The Court granted the extension and warned Petitioner that no further extensions would be granted absent extraordinary circumstances. (Order [non-document] dated Apr. 30, 2024). The May 28, 2024 deadline elapsed without Petitioner filing any objections to the R&R. Absent objection from Petitioner, the Court adopted the R&R without further review on May 29, 2024. (ECF No. 24, PageID #793).

On March 17, 2025, Petitioner filed the Motion, seeking relief from the R&R and the Court's dismissal of the Petition. (ECF No. 26). Petitioner argues that the R&R failed to consider Grounds One and Two separately, creating a "prejudicial effect" which prevented the Court from considering Ground One "upon its own merits." (*Id*. at PageID #796–98). Petitioner subsequently argues that, contrary to the R&R's finding, Ground One was not procedurally defaulted. (*Id.* at PageID #798–802).

**II.    LAW AND ANALYSIS**

"A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioner may not use Rule 60(b) to relitigate his case. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Instead, the "classic function of a Rule 60(b) motion" deals "primarily with some irregularity or procedural defect in the procurement of the judgment denying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1, 124 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Stevens, J., dissenting); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2858 (3d ed. June 2024 Update) (explaining that Rule 60(b) gives courts discretionary powers to "relieve the oppressed from the burden of judgments unfairly, fraudulently, or mistakenly entered").

2

The title of the Motion cites Fed. R. Civ. P. 60(b)(5), (ECF No. 26, PageID #795), which provides for relief from judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The first two of these scenarios are not relevant, because Petitioner does not argue that the Court's final order and judgment adopting the R&R and dismissing the Petition (ECF Nos. 24, 25): (i) has been satisfied, released, or discharged; or (ii) was based on an earlier judgment that has been reversed or vacated. The third scenario—applying the judgment prospectively is no longer equitable—provides a means for parties to ask the Court to modify or vacate a judgment or order if a significant change in either fact or law "renders continued enforcement detrimental." *Northridge Church v. Charter Twp. Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). Petitioner has not alleged any significant change in fact or law for purposes of the Motion. Thus, the Court finds no change has rendered the continued enforcement of the final order and judgment detrimental. *Vincent v. Mazza*, No. 20-6132, 2021 U.S. App. LEXIS 8836, at *4 (6th Cir. Mar. 25, 2021) ("Jurists of reason would agree that the district court did not abuse its discretion by denying [petitioner's] Rule 60(b) motion. He has not alleged any significant change in fact or law for purposes of Rule 60(b)(5).").

Although titled as a Rule 60(b)(5) motion, the body of the Motion does not cite or reference Rule 60(b)(5) and the arguments presented are incongruous with such a request for relief. Nonetheless, Petitioner, as a *pro se* litigant, is entitled to a certain degree of leniency and his filings are held to a less stringent standard than those drafted by lawyers. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The Court will therefore consider whether other grounds under

3

Rule 60(b) may grant Petitioner relief from the Court's final order and judgment. Other grounds for relief from judgment under Rule 60(b) include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . or (6) any other reason that justifies relief.

Petitioner has not alleged that there is newly discovered evidence, fraud, or that the final judgment is void. This leaves only Rules 60(b)(1) or (6).

To receive relief under Rule 60(b)(1), the movant must show not only the existence of a mistake, inadvertence, surprise, or excusable neglect, but he must also assert a meritorious claim or defense with regard to the underlying issue. *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003). The Supreme Court has found that a "mistake" under Rule 60(b)(1) covers all mistakes of law made by a judge. *Kemp v. United States*, 596 U.S. 528, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022); *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (stating that a Rule 60(b)(1) motion can provide relief from a judgment "when the judge has made a substantive mistake of law or fact in the final judgment or order); *see Bank of Cal., N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal.").

As a first potential mistake, Petitioner argues that the Court erred when it failed to consider Grounds One and Two separately. (ECF No. 26, PageID #798). Even if this were a mistake eligible for Rule60(b)(1) relief, contrary to Petitioner's argument, Grounds One and Two were considered separately and resolved independently in the R&R. (ECF No. 19, PageID #774–77, 778–79).[1] As a second potential mistake, Petitioner argues the Court erred in finding that Ground

---

[1] In the R&R, the Magistrate Judge first addressed Ground Two, wherein Petitioner argued his constitutional rights to counsel and due process were violated when the state trial court declined to hold a second resentencing hearing in

One was procedurally defaulted. (*Id.* at PageID #798–802). However, Petitioner's argument merely rehashes and restates arguments already presented and considered in the R&R. (*See* ECF No. 19, PageID #774–75; 778–79). Petitioner waived his right to object to the Magistrate's R&R because he had the opportunity to do so before the Court adopted the R&R in its final order and judgment. Despite being granted two extensions of time to file objections, Petitioner did not object. *Floyd v. Magill*, 50 F. App'x 715, 716 (6th Cir. 2002); *Jackson v. Jackson*, 13 Fed. App'x 217, 218 (6th Cir. 2001). While Petitioner may disagree with the recommendations in the R&R, as noted above, a Rule 60(b) motion is not a substitute for an appeal. *GenCorp.*, 477 F.3d at 373. Accordingly, the Court cannot consider his arguments rehashing the merits of Ground One. (ECF No. 26, PageID #798–803). Petitioner has not alleged a cognizable error/mistake made by the Magistrate Judge and, by extension, the Court when it adopted the R&R. The Court finds that Petitioner's Motion does not qualify for Rule 60(b)(1) relief.

To secure relief under Rule 60(b)(6), a movant must show extraordinary circumstances that justify reopening the judgment. *Gonzalez*, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." *Id.* Even if the mistakes in the R&R identified by Petitioner were meritorious—which they are not—Petitioner has shown no extraordinary circumstances which justify revisiting the Court's final order and judgment. (ECF No. 26). The Court therefore finds Petitioner's Motion does not qualify for Rule 60(b)(6) relief.

---

2020 after new precedent clarified Petitioner's initial claim for resentencing was procedurally defaulted. (ECF No. 19, PageID #774–77). The Magistrate Judge found this ground for habeas relief was procedurally defaulted because Petitioner did not timely raise his constitutional arguments before the Ohio Court of Appeals. (*Id.*). Later in the R&R, the Magistrate Judge addressed Ground One, wherein Petitioner argued his constitutional rights were violated when he was resentenced without counsel and without a valid waiver of counsel. (*Id.* at PageID #778–780). The Magistrate Judge identified that the Petition was unclear as to whether Ground One applied to Petitioner's initial resentencing in 2019 or the cancelled second resentencing in 2020; the Magistrate Judge then evaluated Ground One in connection with both events before concluding that the claim was procedurally defaulted as to each for the same reasons: Petitioner failed to raise a Sixth Amendment claim on appeal to the Ohio Court of Appeals after the 2020 resentencing. (*Id.*).

5

Finally, any motion filed under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[T]he 'reasonable time' clock begins ticking when the movant is or should be aware of the factual basis for the motion." *Ghaleb v. Am. S.S. Co.*, 770 F. App'x 249, 249 (6th Cir. 2019) (citing *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006)). "Whether the timing of the motion is reasonable 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Petitioner should have been aware of the factual basis for his Motion (the failure to separately consider Petitioner's claims) after receiving a copy of the Magistrate Judge's R&R, which was mailed to him on March 21, 2024, and the Court's Opinion and Order adopting the R&R, which was mailed on May 29, 2024. As discussed previously, Petitioner was given two extensions of time to object to the R&R but did not take advantage, even with the help of counsel at that time. Petitioner waited more than nine months after the Court issued its final order and judgment to file this Motion and has not proffered a reason for the delay—nor can the Court surmise one from the record. (ECF No. 26). Given that Petitioner had ample time to object to the R&R, and also waited nearly nine months after the Court issued the final order and judgment to file the Motion, the Court finds the delay unreasonable and the Motion is not timely.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Fed. R. Civ. P. 60(b) Motion for Relief from a Final Order and Judgment (ECF No. 26) is **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915, that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: April 1, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**